# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-485V
**(Not to be Published)**

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
ROSA ALLICOCK,                                *    Filed:  November 23, 2015
on behalf of her minor child,                 *
M.A.,                                         *
                                              *    Petitioner's Motion for a Decision
            Petitioner,                       *    Dismissing the Petition; Vaccine Act
                                              *    Entitlement; Denial Without Hearing
v.                                            *
                                              *
SECRETARY OF HEALTH                           *
AND HUMAN SERVICES,                           *
                                              *
            Respondent.                       *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Traci R. Patton*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICENT PROOF[1]

On May 12, 2015, Rosa Allicock filed a petition seeking compensation on behalf of her minor child, M.A., under the National Vaccine Injury Compensation Program (the "Vaccine

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decisions inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

Program"),[2] alleging that vaccinations that M.A. received on May 14, 2012, and July 17, 2012, caused (or significantly aggravated) his global developmental delays.

On October 6, 2015, Respondent filed her Rule 4(c) report indicating that she did not believe that compensation was appropriate in this case because M.A.'s global developmental delays preceded his vaccinations, and because the medical record (and treater comments it contains) did not otherwise support Petitioner's causation theory. During a status conference in this case that was subsequently held on October 16, 2015, I stated that the case's reasonable basis seemed in doubt. I specifically noted that the medical records that had been filed to date did not appear to suggest that M.A.'s condition was significantly aggravated by the vaccinations that he received.

On October 18, 2015, Petitioner filed an unopposed motion requesting a decision dismissing the case. ECF No. 18. In her motion to dismiss, Petitioner indicated that "[a]lthough [she] feels very strongly about what she witnessed with M.A., an investigation of the facts and science supporting the case as medical records have been receive has demonstrated to Petitioner that she will likely be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.* at 1.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that M.A. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that the alleged injury that M.A. experienced could have been caused or significantly aggravated by the vaccinations that he received on May 14, 2012, and July 17, 2012. And the filed medical records do not support Petitioner's claim.

Under the Vaccine Act, a petitioner may not be given a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

---

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master
