# In the United States Court of Federal Claims

No. 15-485V

(Filed Under Seal: October 25, 2016)

(Reissued: November 9, 2016)[1]

| | |
|---|---|
| ****************************************** * | |
| * | |
| ROSA ALLICOCK, * | |
| on behalf of her minor child, * | |
| M.A., * | |
| * | Vaccine Act Case; Review of |
| Petitioner, * | Claim for Attorneys' Fees and |
| * | Costs; Withdrawn Petition; |
| v. * | Reasonable Basis for Filing; |
| * | Standard of Review. |
| SECRETARY OF HEALTH AND * | |
| HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * | |
| ****************************************** * | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, Arizona, for Petitioner.

*Traci R. Patton*, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Rupa Bhattacharyya*, Director, *Catharine E. Reeves*, Acting Deputy Director, and *Voris E. Johnson, Jr.,* Assistant Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington D.C., for Respondent.

---

[1] Pursuant to Rule 18(b) of the Court's Vaccine Rules, this opinion and order was initially filed under seal. As required under the Rules, each party was afforded 14 days from the date of issue, until November 8, 2016, to object to the public disclosure of any information furnished by that party. Neither party submitted any proposed redactions.

OPINION AND ORDER

WHEELER, Judge.

This vaccine case involves a challenge by the Secretary of Health and Human Services ("Respondent") to the award of attorneys' fees and costs to Petitioner by the Special Master after Petitioner voluntarily dismissed the case for lack of sufficient evidentiary support.  Respondent is not disputing the amount awarded to Petitioner, but rather objects to payment of any fees and costs at all.  For the reasons explained below, the Court affirms the decision of the Special Master.

Background

In January 2015, Petitioner Rosa Allicock contacted counsel in this case regarding a possible claim based on the compensation program established by the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-1 et seq. ("Vaccine Act"), which carries a three-year statute of limitations.  In May 2015, one day before expiration of the statute of limitations, Petitioner filed an action seeking compensation on behalf of her minor child, M.A., for injuries allegedly received from vaccinations administered in May and July of 2012.   Petitioner alleged that the 2012 vaccinations had significantly aggravated her son's preexisting developmental delay, and filed partial medical records to support her claim one week after commencing the case.  Petitioner submitted additional records in June and August of 2015.  In October 2015, Respondent filed its "Rule 4(c) Report" required by the Vaccine Rules, and argued that Petitioner's submitted proof did not support her claims of vaccine injury. Dkt. No. 15.  In a subsequent status conference with the parties, the Special Master indicated that Petitioner's "reasonable basis seems presumably in doubt" and ordered Petitioner to file a status report indicating whether she intended to proceed with this matter. Dkt. No. 16.  Shortly afterward Petitioner filed a motion to dismiss her petition, and the Special Master issued a "Decision Dismissing Case for Insufficient Proof." Allicock v. Sec'y Health & Human Servs., No. 15-485V, 2015 WL 10434883 (Fed. Cl. Spec. Mstr. Nov. 23, 2015) (the "Dismissal Decision").

Petitioner subsequently filed with the Court a motion for attorneys' fees and costs, seeking payment of approximately $18,000 in attorneys' fees and $1,700 in costs.  Dkt. No. 24.  Respondent countered with an Opposition objecting to any payment, arguing that the petition lacked a reasonable basis for filing as required by the Vaccine Act.  Dkt. No. 25.  Both parties submitted briefs on the issue, and Petitioner then asked for about $4,000 in additional fees and costs incurred in responding to Respondent's objections.  Dkt. No. 27.  In May 2016, the Special Master issued the decision under review here, granting a substantial portion of Petitioner's request for fees and costs, resulting in an award totaling approximately $20,000.  Allicock v. Sec'y Health & Human Servs., No. 15-485V, 2016 WL 3571906 (Fed. Cl. Spec. Mstr. May 26, 2016) (the "Fee Decision").

Standard of Review

        This Court has jurisdiction to review decisions of the Special Masters in accordance with 42 U.S.C. § 300aa-12(e)(1)-(2).  The Court may set aside a Special Master's decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  § 300aa-12(e)(2)(B).  A Special Master's decision on the award of attorneys' fees to unsuccessful petitioners is discretionary, and thus is reviewed under an abuse of discretion standard.  Saxton v. Sec'y Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993).

Law Governing Recovery of Fees

        The Vaccine Act permits the award of attorneys' fees and costs even for unsuccessful petitioners, if the Special Master or Court determines that the petition was brought in good faith and also that there was a "reasonable basis" for the claim.  § 300aa-15(e)(1).  The question of having a reasonable basis to file is the focus of this review, since Petitioner's good faith in filing has not been challenged.  The statute sheds no further light on the meaning of "reasonable basis" in this context, and to date, the U.S. Court of Appeals for the Federal Circuit has not interpreted the meaning of that term for purposes of fee awards to unsuccessful vaccine petitioners.  See Graham v. Sec'y Health & Human Servs., 124 Fed. Cl 574, 578-79 (2015); Chuisano v. United States, 116 Fed. Cl. 276, 285 (2014).  Some guidance is provided by the fact that "[n]umerous special masters, as well as this court, have held that reasonable basis is an objective standard determined by the 'totality of the circumstances.'"  Id. at 286 (citations omitted).  An unsuccessful petitioner seeking fees has the burden to affirmatively demonstrate that the petition has a reasonable basis.  McKellar v. Sec'y Health & Human Servs., 101 Fed. Cl. 297, 304 (2011), citing Perreira v. Sec'y of Health & Human Servs., 33 F.3d 1375, 1377 (Fed. Cir. 1994).

Special Master's Decision

        The Special Master granted a substantial portion of the requested fees and costs, even though he observed that, "this matter had barely enough reasonable basis to be viable."  Fee Opinion, at 7.  He noted that the sufficiency of counsel's investigation into the basis for a petitioner's claim as well as statute of limitations considerations are "highly relevant" to determining reasonable basis to file.  Id. at 6-7.  He reasoned that here, Petitioner reported to her counsel that she observed a worsening of M.A.'s condition after the vaccinations at issue.  Petitioner also claimed that a physician treating her son a few weeks post-vaccination told her that the child had an encephalopathy possibly caused by vaccination, and in fact a diagnosis of "encephalopathy" appears in the treating physician's record. This medical record constituted "some grounds for proceeding."  Thus Petitioner's counsel could reasonably conclude that the claim had some basis, and deserved further gathering and review of the medical records, which were slow in coming.  The Special Master also credited Petitioner's counsel's "willingness to confront the realities of the case

3

with his client, and to end the matter" instead of continuing the case in hope that further proof would appear.  Id. at 7-8.

## Arguments

In its Motion for Review, Respondent argues that Petitioner failed to meet her burden to prove reasonable basis to file the suit, citing the lack of any evidence in the medical records showing a connection between M.A.'s condition and the vaccinations. Although Petitioner stated in her Petition that her son had "concerning symptoms" shortly after vaccination and also alleged aggravation of his developmental delay, there was no evidence in the record supporting these claims.  In all vaccine cases, Respondent maintains, Petitioners and their counsel should be held to a stricter standard requiring due diligence to determine reasonable basis before filing the petition, thus helping to keep frivolous petitions from adding to the growing vaccine caseload in our Court.  In Respondent's view, Petitioner did not meet that standard here.  For that reason, according to Respondent, the Special Master's decision was unreasonable and an abuse of his discretion.

Counsel for Petitioner counters that Petitioner originally described her son's aggravated developmental delays after the vaccinations and claimed that the treating physician told her that vaccination could have caused them.  Since both facts if proven would support a claim for vaccine compensation, counsel argues, filing to avoid operation of the statute of limitations was justified.  Although medical records were promptly requested soon after initial consultation, important records were not made available prior to the claim, forcing a filing to preserve the cause of action.  Counsel also noted that once all the records were received and evaluated, Petitioner acted responsibly to dismiss her claim.

## Discussion

In order to find an abuse of discretion in the Special Master's award of fees in this case, a court would have to rule that a special master's decision was "clearly unreasonable," that it was based on an erroneous conclusion of law, "clearly erroneous," or that it contained no evidence on which the Special Master could have based his decision. Chuisano, 116 Fed. Cl. at 284, citing Murphy v. Sec'y Health & Human Servs., 30 Fed. Cl. 60, 61 (1993).  In this case, the Special Master noted that the facts made it a close decision, but on balance the need to file to avoid the statute of limitations bar, together with the key claims made by Petitioner and the delayed receipt of medical evidence to prove them, justified filing.  While the Court certainly supports the development of meaningful standards to determine whether a petitioner had a reasonable basis for filing, that goal must be balanced against the public policy of encouraging access by vaccine petitioners to competent counsel.  See Chuisano, 116 Fed. Cl. at 285 ("Congress recognized that having to shoulder attorneys' fees could deter victims of vaccine-related injuries from seeking redress," quoting Cloer v. Sec'y Health & Human Servs., 675 F. 3d 1358, 1362 (Fed. Cir.

2012)).  In this case, the Court cannot find that the Special Master's decision was clearly erroneous.

For these reasons, the Court finds that the Special Master acted within his discretion in awarding attorneys' fees and costs, and his decision is hereby AFFIRMED.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge